**In re EGBERT CHILDREN.**

[Cite as *In re Egbert Children* (1994), 99 Ohio App.3d 492.]

Court of Appeals of Ohio,
Twelfth District, Butler County.

Nos. CA93–08–163, CA93–09–185, CA93–09–186 and CA93–09–187.

Decided Dec. 27, 1994.

*John F. Holcomb*, Butler County Prosecuting Attorney, and *Kathleen Romans*, Assistant Prosecuting Attorney, for Butler County Children Services Board.

*Stephen M. Straus*, for appellant, Rena Egbert.

*Bradley Bolinger*, for appellant, Harold Egbert.

*Kathy Dudley*, guardian *ad litem*.

---

JONES, Presiding Judge.

Appellants, Harold and Rena Egbert ("the Egberts"), appeal an order of the Butler County Juvenile Court awarding permanent custody of their three children, Joshua, Trisha, and Tommy Egbert, to the Butler County Children Services Board ("BCCSB").

On March 27, 1989, BCCSB filed a complaint in the Butler County Juvenile Court alleging that Joshua Egbert was a dependent child. The complaint alleged that Joshua had been born with chronic breathing and cardiovascular difficulties and that the Egberts were unable to provide adequate care for the child. An adjudicatory hearing was held on April 24, 1989. The juvenile court found Joshua to be a dependent child and awarded temporary custody to BCCSB. The juvenile court subsequently returned custody of Joshua to the Egberts in May 1989.

On June 5, 1990, BCCSB filed complaints in the Butler County Juvenile Court alleging that Trisha and Tommy Egbert were neglected and dependent children. All three children were subsequently removed from the home on June 26, 1990 after Rena Egbert contacted BCCSB and requested that it take temporary

custody of the children because she and her husband were separated and she was unable to care for the children by herself. An adjudicatory hearing was held on July 26, 1990. The juvenile court found that Trisha and Tommy Egbert were also dependent children and awarded temporary custody of all three children to BCCSB. The juvenile court later returned custody of the children to Rena Egbert in April 1991.

On August 16, 1991, BCCSB filed complaints in the Butler County Juvenile Court alleging that all three children were dependent. The complaints alleged that Rena Egbert was unable to provide adequate care for the children because she had become severely depressed. The children were removed from the home and placed in foster care. An adjudicatory hearing was held on January 27, 1992. The juvenile court again found all three children to be dependent and awarded temporary custody to BCCSB pending disposition of the case. A reunification plan was adopted, which required Rena Egbert to obtain psychological counselling to remedy her severe depression and chronic emotional instability. The plan also required Harold Egbert to obtain substance-abuse counselling.

On October 29, 1992, BCCSB moved for permanent custody of all three children because the Egberts had failed to comply with the reunification plan adopted by the juvenile court. On July 28, 1993, Rena Egbert filed a motion for a court-appointed psychiatrist to assist in the preparation of her defense. The juvenile court granted the motion, but limited Rena Egbert to $300 in psychiatric fees.

A hearing on the motion for permanent custody was held on August 5 and 6, 1993. At the hearing, counsel for Rena Egbert did not present any expert psychiatric testimony. The juvenile court granted the motion for permanent custody because it found by clear and convincing evidence that the children could not be placed with either parent within a reasonable time and that an award of permanent custody to BCCSB was in the children's best interest. Rena Egbert now appeals, setting forth the following assignments of error:

"Assignment of Error No. 1:

"The trial court erred in substantially denying indigent appellant the right to obtain professional psychiatric evaluation and consultation at state's expense when such services are needed to enable appellant and her counsel to fully and fairly present her case.

"Assignment of Error No. 2:

"The trial court erred in granting the Butler County Children Services Department's [*sic* ] motion for permanent custody in finding that the movant, by clear and convincing evidence, met the standards and criteria for permanent custody pursuant to O.R.C. Section 2151.414.

"Assignment of Error No. 3:

"The trial court erred in failing to find that long term foster care was in the best interest of the children pursuant to R.C. 2151.415(C)(1)(b)."

■ In her first assignment of error, Rena Egbert contends that the juvenile court violated her right to due process of law by limiting her to $300 in psychiatric fees. To support this proposition, Rena Egbert relies on the First District Court of Appeals' decision in *In re Brown* (Nov. 26, 1986), Hamilton App. No. C–850878, unreported, 1986 WL 13385. The *Brown* court considered whether an indigent parent has a right to the services of a court-appointed psychiatrist in permanent custody proceedings. *Id.* at 6. The court held that "the due process clause of the United States Constitution and the due course of law provision under the Ohio Constitution require the appointment of a psychiatrist to assist an indigent parent in permanent custody proceedings in which the parent's mental condition is at issue." *Id.* at 14.

Rena Egbert argues that the $300 fee limitation imposed by the juvenile court in this case violated her right to due process of law by effectively precluding her from retaining a properly qualified psychiatrist. We disagree. There is no evidence that the $300 in fees awarded by the juvenile court in this case was inadequate to permit Rena Egbert to retain a competent psychiatrist to assist in the preparation of her defense. Consequently, we find no error by the juvenile court. The first assignment of error is overruled.

■ In her second assignment of error, Rena Egbert contends that the juvenile court erred in granting BCCSB's motion for permanent custody. R.C. 2151.414(B)(1) permits a juvenile court to award permanent custody of a child to the moving party if the court determines by clear and convincing evidence that an award of permanent custody is in the child's best interest and that the child cannot be placed with either parent within a reasonable time or should not be placed with either parent. *In re Weaver* (1992), 79 Ohio App.3d 59, 64, 606 N.E.2d 1011, 1014; *In re Lampley* (Dec. 16, 1991), Butler App. No. CA91–01–020, unreported, at 3, 1991 WL 268237. In addition, R.C. 2151.414(E) requires a juvenile court to enter a finding that the child cannot be placed with either parent within a reasonable time or should not be placed with either parent where any of the following circumstances exist:

"(1) * * * [T]he parent has failed continuously and repeatedly for a period of six months or more to substantially remedy the conditions causing the child to be placed outside his home. * * *

"(2) The * * * severe and chronic emotional illness, * * * or chemical dependency of the parent makes the parent unable to provide an adequate permanent home for the child at the present time and in the foreseeable future[.]"

The record contains ample evidence indicating that both Harold and Rena Egbert have failed to comply with the reunification plan adopted by the juvenile court in this case. At the hearing on the motion for permanent custody, Patricia Fedders, a therapist at the Butler County Mental Health Center, testified that Rena Egbert was referred to her for counselling in 1991. Fedders testified that Rena Egbert suffers from chronic depression and severe emotional instability. Fedders also testified that Rena Egbert has attended approximately three counselling sessions since October 1992.

Rena Egbert testified that she had attended counselling sessions infrequently during 1992 and 1993 because she felt that the counselling was unnecessary. Rena Egbert testified that she has a history of abusing both alcohol and narcotics and that she had attempted to commit suicide in May 1992. Rena Egbert also testified that she previously had been convicted of child endangering after police found two-year-old Tommy Egbert and three-year-old Trisha Egbert wandering in the streets unsupervised on several occasions.

Harold Egbert testified that he is a chronic drug abuser who has never completed any type of substance-abuse counselling program. Harold Egbert also testified that he previously had been convicted of trafficking in marijuana and receiving stolen property and that he is currently living in a two-bedroom trailer in Garrison, Kentucky, with a woman and two other children.

Having carefully reviewed this testimony, we are satisfied that clear and convincing evidence exists to support the juvenile court's finding that the children cannot be placed with either parent within a reasonable time and that an award of permanent custody to BCCSB is in the children's best interest. Accordingly, the juvenile court did not err in granting the motion for permanent custody. The second assignment of error is overruled.

In her third assignment of error, Rena Egbert contends that the juvenile court erred in failing to place the children in long-term foster care. However, we find this assignment of error moot in light of our ruling on the second assignment of error. Therefore, the third assignment of error is overruled.

In addition, counsel for Harold Egbert has also filed a brief with this court pursuant to *Anders v. California* (1967), 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493, which (1) indicates that a careful review of the record from the proceedings below fails to disclose any errors by the juvenile court prejudicial to the rights of appellant upon which an assignment of error may be predicated, (2) requests that this court review the record independently to determine whether the proceedings are free from prejudicial error and without infringement of appellant's constitutional rights, (3) requests permission to withdraw as counsel for appellant on the basis that the appeal is wholly frivolous, and (4) informs this

court that counsel has diligently attempted to locate appellant in order to serve appellant with a copy of both the brief and the motion to withdraw, but, despite such diligent efforts to do so, has been unable to locate appellant.

Counsel for Harold Egbert has failed to list any possible errors "that might arguably support the appeal." *Anders, supra,* 386 U.S. at 744, 87 S.Ct. at 1400, 18 L.Ed.2d at 498. However, in ruling on the preceding assignments of error we have examined the record and find no error prejudicial to Harold Egbert's rights in the proceedings before the juvenile court. Therefore, it is the order of this court that counsel's motion to withdraw is hereby granted, and this appeal is dismissed as to appellant Harold Egbert as being wholly frivolous.

*Judgment affirmed in part*
*and appeal dismissed in part.*

WILLIAM W. YOUNG, J., concurs.

KERNS, J., concurs in judgment only.

JOSEPH D. KERNS, J., retired, of the Second Appellate District, sitting by assignment.