OPINION
Petitioner-Appellant, Jackie E. Gibson ("Appellant"), appeals the decision of the Crawford County Court of Common Pleas, Juvenile Division, terminating his parental rights and granting permanent custody of his children to the Crawford County Children Services Board ("Children's Services"). For the reasons set forth below, we affirm the judgment of the trial court.
The pertinent facts of the case are as follows. Appellant is the biological father of three young children. Temporary custody of the children was awarded to Children's Services in February of 1994. Thereafter, the children were placed into the care of foster parents.
Three years passed, and the children remained in foster care. Thereupon, Children's Services filed a petition for a termination of parental rights and to establish permanent custody of the children. In September of 1997, a bench trial was held to determine whether the Children's Services' petition should be granted. On September 30, 1998, four years after having been placed in foster care, the trial judge terminated the parental rights of each parent and awarded permanent custody of the children to Children's Services.
It is from this judgment that Appellant appeals, having set forth the following two assignments of error.
 ASSIGNMENT OF ERROR NO. 1
The trial court erred by failing to enter an order within the time required by Ohio Revised Code 2151.35(B)(3), which denied the father his due process rights.
Appellant asserts in his first assignment of error that the trial court erred in failing to timely enter a dispositional order in violation of R.C. 2151.35(B)(3) and the Ohio and United States Constitutions. For the following reasons, we do not agree.
R.C. 2151.35(B)(3) provides that following the conclusion of a dispositional hearing, a juvenile court shall render its judgment within seven days. In the present case, the trial court did not render its decision until approximately one year after the conclusion of the hearing, on September 30, 1998. Appellant asserts that the delay prejudiced him and caused a per se violation of his due process rights under the state and federal constitutions.
The purpose of R.C. 2151 is, among other things, to provide judicial procedures in which the parties are assured of a fair hearing and of having their constitutional and other legal rights enforced. R.C. 2151.01(D); In re Galloway (1991), 77 Ohio App.3d 61,70-71; In re Matter of Holtgreven (June 23, 1995), Hancock App. No. 5-95-7, unreported. The Supreme Court of Ohio recently held that the seven-day time limit set forth in R.C. 2151.35(B)(3) is directory, not mandatory, and failure to comply with it will not deprive a court of jurisdiction to decide the issue. In reDavis (1999), 84 Ohio St.3d 520, 523. However, the time limit set forth in R.C. 2151.35(B)(3) is not meaningless. Id. Where a juvenile court delays ruling on a matter beyond the time limit enunciated in R.C. 2151.35(B)(3), the aggrieved party must seek a writ of precedendo. Id.
A petition for a writ of procedendo is the proper remedy when a court has either refused to render a judgment in the matter, or has unnecessarily delayed proceeding to judgment. Id., see, also,State ex. rel Miley v. Parrot (1996), 77 Ohio St.3d 64, 65. A party who fails to petition for a writ of procedendo is estopped from later asserting that the delay prejudiced that party or violated that party's due process rights. In re Davis,84 Ohio St. 3d at 524.
In the case sub judice, a review of the record reveals that Appellant failed to file a writ of procedendo with this Court. Appellant's failure to avail himself of the appropriate remedy precludes him from alleging that the delay prejudiced him or violated his due process rights. For this reason, Appellant's claim is not well-taken.
Accordingly, Appellant's first assignment of error is overruled.
 ASSIGNMENT OF ERROR NO. 2
The trial court erred in failing to permit the father an opportunity to reunite with the children.
Appellant asserts an assortment of claims in his second assignment of error. We will address each claim of error separately below.
Appellant initially asserts that the trial court erred in overruling his request for a continuance of the matter. Specifically, Appellant maintains that a continuance of the matter would have allowed him the opportunity to rehabilitate himself. For the following reasons, we find that Appellant's proposition lacks merit.
It is axiomatic that the decision as to whether a continuance should be granted is within the sound discretion of the trial court, and will not be disturbed upon appeal absent a showing of an abuse of discretion. State v. Beuke (1988), 38 Ohio St.3d 29,36-37. An abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219.
The Supreme Court of Ohio in State v. Unger (1981), 67 Ohio St.2d 65
set forth the test to determine when a trial court has abused its discretion in granting or denying a motion for a continuance. The factors which may be considered by the trial judge in deciding the merits of a motion for a continuance include the length of the delay requested; whether other continuances have been requested and received; the inconvenience to litigants, witnesses, opposing counsel, and the court; whether the requested delay is for legitimate reasons or whether it is dilatory, purposeful, or contrived; whether the defendant contributed to the circumstances which give rise to the request for a continuance; and any other relevant factors, depending on the unique facts of each case. Id. at 67-68.
In the case sub judice, we cannot in good conscience say that the trial court abused its discretion in overruling Appellant's motion to continue the matter. First and foremost, the reasoning behind Appellant's request is flawed. Appellant wished to delay the matter until he had ample opportunity to "rehabilitate" himself. Given that Appellant placed himself into the position where he needed to rehabilitate himself, we find such a request untenable. Further, given that the children were in foster care since February of 1994, the trial court had a compelling interest in resolving the matter as soon as possible. Therefore, the trial court did not abuse its discretion in overruling Appellant's request for a continuance of the matter. For these reasons, we find that Appellant's initial claim lacks merit.
Appellant further maintains that the trial court erred in terminating his parental rights without taking into consideration the likelihood that he would receive future assistance from his fiancée, as well as the State of Ohio. Appellant also insists that his rights should not have been terminated without first allowing him the opportunity to reunite with his children. For the following reasons, we find that Appellant's claims lack merit.
We first note that decisions concerning child custody matters rest within the sound discretion of the trial court. Miller v.Miller (1988), 37 Ohio St.3d 71. Nevertheless, "[w]hile the trial court's discretion in a custody proceeding is broad, it is not absolute, and must be guided by the language of the relevant statute." In re Beal (Oct. 5, 1992), Clark App. No. CA-2903, unreported.
A trial court's determination in a custody proceeding is subject to reversal upon a showing of an abuse of discretion.Miller, 37 Ohio St.3d at 74. Again, an abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. Blakemore, 5 Ohio St.3d at 219.
The termination of parental rights in a child that is neither abandoned nor orphaned, as in the present case, is governed by R.C. 2151.414(B). Pursuant to R.C. 2151.414(B)(1), the juvenile court must apply a two-pronged test when determining whether to grant permanent custody of a child to a children's agency. The juvenile court may grant permanent custody to the agency if the court finds by clear and convincing evidence that the best interest of the child warrants a grant of permanent custody, and the child cannot or should not be returned to either parent within a reasonable time. R.C. 2151.414(B)(1); In re Egbert Children
(1994), 99 Ohio App.3d 492, 495. Clear and convincing evidence is that evidence "which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." Cross v. Ledford (1954), 161 Ohio St. 469, paragraph three of the syllabus.
We will separately address each prong of the aforementioned test in our discussion which follows.
 I. Best Interest of the Child
In determining what is in the best interest of a child, former R.C. 2151.414(D)[1] provides that the juvenile court must consider all relevant factors, including, but not limited to, the following four factors:
 (1) The interaction and interrelationship of the child with the child's parents, siblings, relatives, foster parents and out-of-home providers, and any other person who may significantly affect the child;
(2) The wishes of the child * * *;
(3) The custodial history of the child;
 (4) The child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody to the agency.
The trial court, upon considering all of the evidence presented, and upon applying the factors enumerated above, found that it was in the best interest of the children to grant Children's Services permanent custody of the children. Specifically, the evidence presented at trial, as it relates to Tina, the biological mother of the children, shows that during the period of June 1996 through May of 1997, she rarely visited, telephoned, or wrote letters to her children. It is obviously apparent from the evidence introduced at trial that Tina has never fully accepted responsibility for herself, or for her children. Appellant, on the other hand, did testify that he had abstained from alcohol for the ten months prior to the hearing. Further, Appellant was gainfully employed at the time of the hearing and was willing to care for the children. Nevertheless, the trial court terminated Appellant's parental rights and awarded permanent custody to Children's Services.
Appellant now asserts that the trial court erred in failing to take into consideration the likelihood that he would also receive future assistance from his fiancée, as well as the State of Ohio. A review of the transcript, however, reveals that the trial court questioned Appellant with regard to these considerations, but found them to be based upon pure speculation.
Although the evidence does suggest that Appellant had made general improvements to his life, as the trial court noted, he still had unpaid fines and court costs in existence from numerous past offenses committed against the State, as well as a driver's license suspension in effect at the time of the hearing. Although Appellant has apparently resumed a relationship with his children, we agree with the trial court and find that given his past and present circumstances, he cannot be reasonably expected to assume responsibility for the three children at the present time or in the near foreseeable future. The record also establishes that the children have shown signs of indifference toward their parents, as well as a general indifference toward spending the future with them.
Based upon the above facts and other evidence presented at the custody hearing, the trial court found by clear and convincing evidence that it was in the best interest of the children to terminate the parental rights of each parent and to award permanent custody of the children to Children's Services. Having reviewed the record in its entirety, we find competent, credible evidence to support the juvenile court's determination. For these reasons, we find that the first prong of the test set forth in R.C. 2151.414(B) has been met.
 II. Placement of the Child with a Parent
In determining whether a child cannot be placed with either parent within a reasonable period of time or should not be placed with either parent, the court must consider all relevant evidence. R.C. 2151.414(E). However, if the court determines by clear and convincing evidence that one or more of the circumstances enumerated in R.C. 2151.414(E)(1)-(12) exist as to each of the child's parents, the court must enter a finding that the child cannot be placed with either parent within a reasonable time or should not be placed with either parent. R.C. 2151.414(E).
In the case sub judice, the trial court found that the children should not be reunited with either parent pursuant to both R.C. 2151.414(E)(1) and (4). We will address each factor separately below.
R.C. 2151.414(E)(1) requires that a parent be divested of permanent custody if:
 Following the placement of the child outside of the child's home and notwithstanding reasonable case planning and diligent efforts by the agency to assist the parents to remedy the problems that initially caused the child to be placed outside the home, the parent has failed continuously and repeatedly to substantially remedy the conditions causing the child to be placed outside the child's home.
In the case before us, the trial court found by clear and convincing evidence that the children should not be placed with either parent because "they have continuously failed to substantially remedy the conditions causing the children to be placed outside the home and have demonstrated a lack of commitment toward the children * * *." Upon a review of the record, we find that the trial court's decision with regard to this factor is clearly supported by the evidence presented below.
Next, R.C. 2151.414(E)(4) requires that a parent be divested of permanent custody if:
 The parent has demonstrated a lack of commitment toward the child by failing to regularly support, visit, or communicate with the child when able to do so, or by other actions showing an unwillingness to provide an adequate permanent home for the child.
In the present case, the record firmly establishes that Appellant has demonstrated somewhat of a rekindled interest in visiting and communicating with his children. However, there is ample evidence that both of the parents have, at one time or another, demonstrated a complete lack of commitment toward their children by failing to regularly support, visit, or communicate with them at a time when they were able to do so.[2] We also find that, contrary to Appellant assertion, he was given plenty of opportunities to attempt reunification throughout the entire children's stay in foster care.
In conclusion, we find sufficient credible evidence to support the trial court's conclusions, and we find that both prongs of the test have been satisfied. For these reasons, we find that the trial court's decision to terminate the parental rights of the biological parents and to grant permanent custody of the children to Children's Services was proper in every respect. Therefore, Appellant's claims are without merit.
Accordingly, Appellant's second assignment of error is overruled.
Judgments affirmed.
 BRYANT, P.J., and SHAW, J., concur.
[1] We note that R.C. 2151.414 has been amended.
[2] Having already found that the trial court's decision with regard to R.C. 2151.414(E)(1) was proper, we are not required to address this factor. Nevertheless, we have decided to do so.