Appellant, Mary Baker, appeals the decision of the Butler County Court of Common Pleas, Juvenile Division, granting permanent custody of her minor children to Butler County Children Services Board ("BCCSB"). We affirm.
Appellant is the biological mother of Steven Beach, born August 31, 1998, and Anna Baker, born June 6, 1996. Steven's father, Howard Lovely, did not participate in the proceedings below, and has not expressed any interest in seeking custody of his son. Anna's father, Paul Baker, died February 9, 1998, before completion of proceedings below.
Beginning in 1989, BCCSB received ten referrals regarding appellant's care of her children. The first, in August 1989, was received by BCCSB alleging that appellant was neglecting Steven due to her alcohol and substance abuse and lack of parenting skills. In 1991, Steven was placed in the custody of his maternal grandparents, Charles and Deanna Dunaway. In June 1993, Steven was returned to appellant's care, but he was removed two months later and again placed with his maternal grandparents.
In January 1995, Deanna was granted legal custody of Steven. In March 1997, Deanna began experiencing health and marital difficulties. Specifically, there were concerns of domestic violence and aggressiveness by Charles toward Steven. When relinquishing custody, Deanna requested that Steven not be placed in appellant's care. Steven was placed in foster care. In May 1997, he was placed in his current foster home.
On March 13, 1997, new complaints were filed alleging that both children were neglected and dependent pursuant to R.C.2151.03 and 2151.02, respectively. BCCSB also sought permanent custody of the children at this time. The trial court filed an exparte order on that day granting BCCSB temporary custody of the children. A shelter care hearing was held on March 17, 1997, wherein the trial court found probable cause for the removal of the children and continued BCCSB's temporary custody.
In June 1997, Anna was placed in her current foster home. Since that time, there has been little contact between appellant and Anna. Appellant has visited her daughter on only two occasions. Since January 1, 1998, appellant has had contact with Anna only during events surrounding Paul Baker's death.
Throughout this time, appellant participated in a number of treatment and counseling programs, including residential facilities. As part of the BCCSB case plan formulated to reunite appellant with her children, appellant was required to participate in parenting and counseling programs at Catholic Social Services and the Developing Living Skills program. Appellant was either terminated from these programs or failed to continually attend the classes.
BCCSB's concerns were not only related to appellant's substance abuse, but also the quality of her living conditions. For a time, appellant was homeless. At other times, she lived with others or with Paul Baker, and authorities noted that the housing conditions were often unsafe for children due to the availability of alcohol and the lack of cleanliness. On numerous occasions, police officers observed appellant to be intoxicated.
On March 13, 1998, BCCSB filed an amended complaint, and on March 19, 1998, a motion to extend temporary custody was filed by BCCSB. On July 16, 1998, Anna and Steven were found to be neglected and dependent children. The trial court held a hearing on August 24, 1998, in which testimony was heard from case workers and other authorities who have participated in this case, as well as the foster parents of the children. Appellant testified in her own behalf.
On August 28, 1998, the trial court filed its judgment entry ordering that Steven and Anna be placed in the permanent custody of the BCCSB and that appellant's parental rights be terminated. Appellant appeals, raising a single assignment of error:
 THE TRIAL COURT'S DECISION PLACING CUSTODY WITH THE BCCSB IS NOT SUPPORTED BY CLEAR AND CONVINCING EVIDENCE.
In her assignment of error, appellant contends that the trial court abused its discretion by not granting her permanent custody of Steven and Anna. Appellant argues that she should be given custody. She further asserts that the trial court emphasized her past alcohol abuse and her failure to complete certain requirements of the established case plan, but disregarded her potential to remain sober and care for her children.
The juvenile court may grant permanent custody to an agency if the court finds, by clear and convincing evidence, that the best interest of the child warrants a grant of permanent custody, and that the child cannot be placed with either parent within a reasonable time. R.C. 2151.414(B) and (B) (1); In re EgbertChildren (1994), 99 Ohio App.3d 492, 495. In determining the best interest of a child, R.C. 2151.414(D) provides that the juvenile court must consider all relevant factors, including, but not limited to, the following:
 (1) The interaction and interrelationship of the child with the child's parents, siblings, relatives, foster parents and out-of-home providers, and any other person who may significantly affect the child;
(2) The wishes of the child * * *;
(3) The custodial history of the child;
 (4) The child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody to the agency.
In addition to determining the children's best interest, the juvenile court is required to assess whether the children can be placed with appellant within a reasonable time or not at all. R.C. 2151.414(B) (1). In making this determination, the court is guided by a variety of factors set forth in R.C. 2151.414(E), including:
 (1) Following the placement of the child outside the child's home and notwithstanding reasonable case planning and diligent efforts by the agency to assist the parents to remedy the problems that initially caused the child to be placed outside the home, the parent has failed continuously and repeatedly to substantially remedy the conditions causing the child to be placed outside the child's home. In determining whether the parents have substantially remedied those conditions, the court shall consider parental utilization of medical, psychiatric, psychological, and other social and rehabilitative services and material resources that were made available to the parents for the purpose of changing parental conduct to allow them to resume and maintain parental duties.
* * *
 (4) The parent has demonstrated a lack of commitment toward the child by failing to regularly support, visit, or communicate with the child when able to do so, or by other actions showing an unwillingness to provide an adequate permanent home for the child;
* * *
(12) Any other factor the court considers relevant.
In making its determination, the trial court must consider all relevant evidence. If the trial court finds that any of the statutory factors are present, the trial court must make a finding that the children cannot or should not be placed with the parent. R.C. 2151.414(E). See, also, In re William S. (1996), 75 Ohio St.3d 95,98.
Clear and convincing evidence is that evidence "which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." Cross v.Ledford (1954), 161 Ohio St. 469, paragraph three of the syllabus. A reviewing court will reverse a finding by the trial court that the evidence was clear and convincing only if there is a sufficient conflict in the evidence presented. Cross,161 Ohio St. at 479. When the evidence considered pertains to specific statutory findings which the trial court is required to make, the reviewing court must look to see whether the trial court followed the enumerated factors in making its determination, or whether the trial court abused its discretion by deviating from the statutory criteria. See William S., 75 Ohio St.3d at 99.
In the present case, in determining Steven's and Anna's best interest, the trial court considered their interrelationship with appellant and their custodial history. The trial court detailed the long history that BCCSB has had concerning these children. The trial court noted that appellant has had ample opportunity to establish bonds with the children, but has failed to do so, even with the aid of BCCSB. In fact, appellant has failed to remain in contact with Anna.
The trial court determined that appellant's actions have demonstrated that she either cannot or will not provide a safe and stable permanent home. Throughout this process, appellant has been unable to control her substance abuse, unsuccessfully taking part in numerous counseling and detoxification programs. In addition, there are grave concerns over appellant's parenting skills and her inability to maintain a clean, safe household for her children.
The trial court placed reliance upon the present placement of the children in foster care. Steven and Anna are in foster homes, and the foster parents have expressed the wish to adopt the children. The trial court also found that Steven and Anna are well adjusted and well cared for in their foster homes. Thus, the trial court's finding that it is in the best interests of the children to grant BCCSB permanent custody is supported by clear and convincing evidence.
The trial court also determined that it is likely that the children cannot be placed with appellant within a reasonable period of time. Despite the best efforts of BCCSB, appellant has failed to maintain visitation appointments or counseling as required by the case plan. In fact, appellant has had little interaction with Anna since her removal from appellant's care. Appellant has also failed to take advantage of the many opportunities given to visit with Steven in the months preceding the permanent custody hearing. Appellant also has failed to secure a stable home in which to raise the children.
BCCSB raised concerns about appellant's parenting skills and her ability to control her substance abuse. Throughout her entire involvement with BCCSB, appellant continually failed to remain sober, even visiting the children while smelling of alcohol. Appellant has also been observed by the police to be intoxicated on more than one occasion.
The trial court found that appellant was not likely to finish the courses required by BCCSB or to utilize the counseling and treatment programs at her disposal. Although appellant protested that she was attempting to fulfill the obligations of the BCCSB case plan, appellant has made little recent effort to meet these minimal requirements. Thus, the trial court's determination that, despite the best efforts of BCCSB, the children cannot be placed with appellant within a reasonable time is supported by clear and convincing evidence. Accordingly, appellant's assignment of error is overruled.
Judgment affirmed.
YOUNG, P.J., and VALEN, J., concur.